UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:07CR287-R

FILED
CHARLOTTE, N.C.

MAR 17 2008

U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT ORDER AND** |
| v. ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| (1) RODOLFO ROJO, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 18 U.S.C. §3665, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c):

**approximately $3,146.00 in United States currency seized from defendant and/or defendant's place of business;**

**approximately $21,567 seized from account xxxxxxxxx8109 at BB&T;**

**approximately $79,270.87, out of a total of approximately $104,270.87 from account xxxxxx2852 at Anson Bank and Trust Company, provided that the remaining sum of $25,000 has been or will be released to defendant subject to the terms and conditions of the plea agreement;**

**real property located in Lilesville Township, Anson County, North Carolina, as more particularly described in a deed to Doctor's Choice Home Care & Medical Equipment, Inc., dated June 12, 2007, and recorded at Deed Book 840, Page 81, in the Anson County Public Registry;**

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

4. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

for KEVIN ZOLOT
Assistant United States Attorney

RODOLFO ROJO
Defendant

LAWRENCE HEWITT
Attorney for Defendant

Signed this the 17th day of March, 2008.

UNITED STATES MAGISTRATE JUDGE

2